## ALVAH PARLIN *et al.* *vs.* LEVI SMALL.

### Sagadahoc.   Decided June 7, 1878.

#### *Evidence.   Deed.*

Oral evidence of fraud, in order to vacate a deed, should not only amount to a preponderance of proof, but such preponderance should be based upon testimony that is clear and strong, satisfactory and convincing; and the party complaining must be reasonably free from fault or negligence himself.

This rule should be especially enforced in a case where the oral evidence comes mainly from parties to the suit, and where a plaintiff seeks to recover damages for the fraud imposed upon him, instead of rescinding and repudiating the deed.

ON MOTION.

CASE for deceit in the sale of a farm.

The declaration states in substance that, July 6, 1875, the defendant sold the plaintiffs his farm in Bowdoinham for $3,100 ; that before the sale he took them over it and showed them the boundaries, representing it as a rectangle, when in fact an eight acre wood lot of that shape had been sold from the northwest corner to one Robert Small ; that he pointed out the northwest corner and the north and west boundaries of the wood lot as a corner and a part of the north and west bounds of his farm; that he told the plaintiffs they could have the wood already cut and piled on the Robert Small wood lot; that he pointed out the land from which it was cut, saying it was nice land and could be cleared at small expense.

The plaintiffs, at the trial, testified to the truth of the allegations.   The defendant testified to the contrary, and that the deed was carefully read to them by Mr. Hall before signing, which described the farm in such a way as to show that this eight acre rectangle was excluded from its bounds.

The verdict was for the plaintiffs for $271.41; and the defendant moved to set it aside as against law, evidence and the charge of the presiding justice.

*W. T. Hall*, for the defendant.

*J. W. Spaulding*, for the plaintiffs.

Peters, J.   The claim set up by the plaintiffs was, that, in purchasing a farm, they were defrauded by the defendant conveying a less amount of land than was bargained and paid for by them when they took their deed.   The plaintiffs getting the verdict, the defendant moves to set it aside.   The plaintiffs did not rescind the bargain, but seek to maintain the deed with a parol variation that will make it as good as it would have been but for the alleged fraud, claiming damages for the deceit imposed upon them.   They undertake to establish the alleged fraud entirely by their own testimony.

Under these circumstances, what weight shall the oral testimony of parties to a suit have, to relieve themselves from the presumption of correctness that ordinarily attaches to a written instrument of such solemn and important nature as a deed ?   No doubt, oral evidence from parties alone may be sufficient to establish a fraud that will upset a deed.   But what shall the quantum and quality of it be ?

In Wharton's Ev. § 932, it is said :   " The evidence of fraud, in order to vacate a solemnly executed instrument, must be, it need scarcely be added, clear and strong ; and this rule is the more important since the passage of the statute enabling parties to testify in their own cases."   In a note to the section cited, the author quotes from a Pennsylvania case as follows :   " Sharswood, J., said :   ' It has more than once been decided that it is error to submit a question of fraud upon slight parol evidence to overturn a written instrument.   The evidence of fraud must be clear, precise and indubitable, otherwise it should be withdrawn from the jury.   Since parties are allowed to testify in their own behalf, it has become still more necessary that this important rule should be adhered to and enforced.' "   The same views are expressed in as forcible terms by other authors and authorities.

We concur in the doctrine thus strongly stated.   Not that it is new.   Our own decisions, in equity cases, have been to the same effect.   *Baker* v. *Vining*, 30 Maine, 121.   *Peterson* v. *Grover*, 20 Maine, 363.   But, in view of the fact that questions of this kind are being more frequently agitated than they were before parties to the record were allowed to be witnesses, we think it well that

the policy of the law upon the subject should be again emphatically affirmed. A deed seen and read as this was is a wall of evidence against oral assaults, to begin with. It should not be battered down for alleged deceits or misunderstandings, unless the proof of them is clearly and abundantly established. The plaintiff must prevail, not only upon a preponderance of evidence, but such preponderance must be based upon testimony that is clear and strong, satisfactory and convincing. *Burleigh* v. *White*, 64 Maine, 23, 27.

Another thing must be shown by the plaintiff, to enable him to recover. It must appear that he was reasonably free from fault or negligence himself. A person neglecting his own duty should not be benefitted by his own neglect. For, in this way, he could often make a bargain to be bound by or not as he chose. Where objection is taken at the right moment, trouble to both parties may be avoided. A man has no right to neglect to examine a matter because he deems it of trifling or no importance to do so, and magnify it into importance afterwards, according as disappointment, resentment or caprice may instigate him. Especially is this so, where the dissatisfied party does not rescind a contract, but maintains it with all its profits and advantages, seeking to recover damages in addition thereto if he can. In such case, a plaintiff does not run much risk to try his luck in a speculative action. He may gain. He can lose nothing but his costs. This principle is illustrated in a great variety of cases wherein a person cannot recover for an injury if his own fault or negligence directly and materially contributes thereto.

We are of opinion that the case should go to a jury again. Although the law was accurately stated by the learned judge at the trial, we are not satisfied that it was sufficiently regarded by the jury.

*New trial granted.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.