Sergej IWANOSKY

v.

Anthony IWANY.

Supreme Judicial Court of Maine.

May 8, 1974.

Alan C. Pease, Wiscasset, for plaintiff.

Clark & Jones, P. A. by Dennis L. Jones, Gardiner, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

POMEROY, Justice.

Sergej Iwanosky had a farm. He says it was his intention to make a Will in which he would devise the farm to the defendant. Instead he executed a deed.

This action sought that,

" . . . the Court render a decree adjudicating that the deed from Sergej Iwanowsky to Anthony H. Iwany dated October 14, 1969, and recorded in the Lincoln County Registry of Deeds in Book 657, Page 503 be cancelled, annulled and held for naught and that the Court render a decree adjudicating that the Plaintiff shall be sole owner in fee of the said premises; that, in addition, the Plaintiff have such other and further relief as to the Court may seem just and proper."

Trial was had before a Justice of the Superior Court without a jury.

Judgment was ordered entered and was entered in favor of the plaintiff, appellee herein.

This appeal followed.

We deny the appeal.

We have examined the transcript of the proceedings before the Justice of

the Superior Court with great care. We had in mind during such examination that the findings of fact by the Justice of the Superior Court cannot be set aside unless clearly erroneous and due regard must be given to the opportunity of the trial court to judge of the credibility of the witnesses.

This is the clear mandate of Rule 52(a), Maine Rules Civ.Procedure. Borden Co. v. Wurm et al., Me., 222 A.2d 150 (1966), McKenna v. Peddle Land Developments, Me., 229 A.2d 332 (1967).

■ The complaint alleged, and the Justice below found as fact that the execution of the deed was occasioned by a breach of trust and confidence placed in the defendant by the plaintiff. The burden upon the plaintiff became as a result of this allegation of fraudulent misconduct, not only to establish the essential allegations of his complaint by a fair preponderance of the evidence, but to establish such preponderance by evidence "that is clear and strong, satisfactory and convincing." Parlin v. Small, 68 Me. 289, 291 (1878), Bragdon v. Chase, 149 Me. 146, 99 A.2d 308 (1953) and Coffin v. Dodge, 146 Me. 3, 76 A.2d 451 (1950).

■ The evidence in the case was sufficient to permit the Court to find, and it did find as fact, that the plaintiff was a man 78 years of age. He was born in Russia and was there educated, including some education in the law.

Russian was his native tongue. Although he spoke German to a limited extent and his knowledge of the English language was confined to simple everyday phrases, that he was unable to read English is not disputed.

At the end of the second World War [1] he left Russia and went to Germany where he resided for a number of years.

While there he met and married the defendant's mother.

Ultimately he migrated to the United States, living first in the New York area for a few years and later coming to Dresden, Maine. He lived at Dresden with his wife up until her death a few days prior to the date of the execution of the deed which is the subject of this litigation.

His wife's death caused him serious mental depression.

It is not in dispute that a few days after his wife's death plaintiff informed the defendant of his desire to make a Will in which there was to be a provision that upon plaintiff's death title to the farm should pass to the defendant with a further proviso in the plaintiff's words "but for that you have to take care of my burial."

The plaintiff selected the attorney who was to prepare the instrument and asked defendant to make the arrangements.

All instructions concerning the transaction were given to the attorney by the defendant.

The attorney, who spoke no Russian, prepared a deed for signature by the plaintiff. The plaintiff had had no previous contact with the attorney, and they were unable to communicate except through the defendant.

The deed was in fact executed and recorded.

The plaintiff learned that a deed had been executed instead of the Will he had intended when it came to his attention that the defendant had attempted to sell the farm through a real estate broker.

This action followed.

The presiding Justice in the Court below drew a conclusion based upon his specific

---

1. The presiding Justice found that plaintiff "emigrated from Russia around the time of the revolution, going to Germany and residing there for a number of years." However, the only evidence at trial on this detail was the testimony by the plaintiff wherein he stated that he went to Germany " . . . after the end of the war in '45."

findings of fact. The conclusion was in the following tenor:

"The Plaintiff never intended to convey the property to the Plaintiff (sic defendant) and he signed the deed believing that he was executing a Will. The Plaintiff never intended to deliver a deed to the Defendant, as he had been the victim of a fraud and believed that the instrument, which was in fact a deed, was a Will, which would pass ownership of the farm to the Defendant after the death of the Plaintiff."

We have given due regard to the opportunity of the trial court to judge of the credibility of the witnesses.

We cannot say his conclusion was clearly erroneous.

The entry must be,

Appeal denied.

All Justices concurring.